SOLOMON BARNETT, Respondent, *v.* MEYER BENJAMIN, Appellant.

*Money summons and complaint for tort — variance between — when disregarded — appeal — order of arrest.*

APPEAL from an order denying a motion to vacate an order of arrest, and to strike out the allegations of fraud contained in the complaint served in this action.

The action was commenced on the 21st of March, 1876, by the service of a summons for money. On the twenty-second of March an order of arrest was granted upon affidavit, and on the twenty-sixth of April the complaint was served.

As regards the motion to set aside the complaint and strike out all the allegations of fraud therein contained, made on the ground that the summons was on contract and the complaint in tort, the court at General Term said: "It has been claimed that the allegations inserted in the complaint alleging the commission of the fraud were irrelevant, and should have been stricken out because the notice contained in the summons stated that the judgment would be taken for the amount of the debt if the defendant failed to answer. To justify the service of a complaint in the form in which it has been made, it has been urged that the summons should have contained a notice that the plaintiff would

apply to the court for relief if the defendant failed to answer. It is not necessary to decide whether this point has been well taken or not for the purpose of disposing of the present appeal; for, even if the defendant should be right in this position, he was not materially injured in any one of his rights by the insertion of a different notice in the summons. If the plaintiff had taken judgment without applying for the relief proper in the case, then the defendant might have just reason to complain, if such an application should be held to be necessary. But by the mere service of a complaint, on which judgment could not regularly be taken without an application to the court, no substantial right of the defendant can be injured or affected, even if the summons stated that judgment in case of default would be taken for the debt, as a matter of course. For that reason no appeal can properly be taken from the order denying the motion, made to strike the allegation of fraud out of the complaint. (*McCoun* v. *N. Y. C. R. R. Co.*, 50 N. Y., 176.)"

*John H. Clayton*, for the appellant. *N. A. Halbert*, for the respondent.

Opinion by DANIELS, J.   DAVIS, P. J., and BRADY. J., concurred.

Appeal dismissed as to so much of the order as denies motion to strike out the allegations of fraud from the complaint, and order affirmed so far as it denied motion to vacate order of arrest, with ten dollars costs, besides disbursements.